**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

––––––––––––––––––––––––––––––––––X
:
PATRICIA MADLINGER, on behalf of herself :
and all others similarly situated, :
:
:
Plaintiff, : Civil Action No.
:
vs. : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
ENHANCED RECOVERY COMPANY, LLC, :
:
Defendant. :
:
:
––––––––––––––––––––––––––––––––––X

Plaintiff PATRICIA MADLINGER, on behalf of herself and all others similarly situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant ENHANCED RECOVERY COMPANY, LLC ("Defendant"), the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the State of New Jersey, County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant ENHANCED RECOVERY

COMPANY, LLC is a Florida limited liability company with a street address of 8014 Bayberry Road, Jacksonville, FL 32256.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant, which contained at least one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

3

notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A)**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Prior to January 6, 2020, Plaintiff allegedly incurred a financial obligation to Capital One, N.A. ("Capital One").for a Kohl's consumer credit card ("the Debt").

15. The Debt obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged Capital One Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Capital One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18. At some time prior to January 6, 2020, the Capital One Debt obligation became past due with a balance due of $604.83.

19. At some point prior to January 6, 2020, the Debt was referred for collection by Capital One to Defendant.

20. At the time the Capital One Debt obligation was placed with Defendant, the balance was past due.

21. On or about January 6, 2020, Defendant sent Plaintiff a collection letter indicating an Amount of Debt of $604.83 ("the Collection Letter"). See, attached Exhibit A.

22. The January 6, 2020 collection letter was Defendant's initial written communication to Plaintiff.

23. The January 6, 2020 collection letter was sent in connection with the collection of the Capital One Debt obligation.

24. The January 6, 2020 collection letters is a "communication" as defined by 15 U.S.C. §1692a(2).

25. The Collection Letter was the first written communication by Defendant to Plaintiff.

26. The Collection letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

verification or judgment will be mailed to the consumer by the debt collector.

30. In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

31. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32. In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

33. A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

34. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

35. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

36. 15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

37. A collection activity or communication overshadows or contradicts the

validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

38. The Collection Letter contains multiple addresses for Defendant.

39. The front side of the Collection Letter included the following statement ("The Statement"):

> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.
>
> If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.
>
> Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

40. The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

41. The second paragraph of the Statement directs the consumer to "notify **our office below** in writing" to obtain verification of the debt.

42. The third paragraph of the Statement indicates, Upon your written request **to this office**"

43. The least sophisticated consumer when reading the second and third paragraphs of the Statement would be confused as to which "office" the debt verification letter would be sent to, since the second paragraph suggests that the debt verification should be sent to "our office below", while the third paragraph suggests that the debt verification needs to be sent to "this office".

44. The Statement does not direct the consumer to dispute the Debt with a particular "address" but rather directs the consumer to dispute the debt by notifying an "office".

9

45. It is unclear if "our office below" and "this office" are the same or different places.

46. Furthermore, the least sophisticated consumer may reasonably conclude that they would have to send out two separate debt verification letters: one to the office below and another to "this office"

47. Alternatively, the least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which office the debt should be disputed.

48. This language in the Statement is only rendered more confusing, since the front page of the Collection Letter contains three separate addresses:

49. Below the Statement on the front page of the Collection Letter, the letter provides a first address for ERC ("the First Address"):

> Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241

50. Also below the Statement is a second address for ERC (the "Second Address") which provides:

> Please do not send correspondence to this address.
>
> P.O. BOX 1259, Dept 98696
> Oaks, PA 19456

51. And also, below the Statement is a third address for ERC ("the Third Address") which provides:

> ERC®
> P.O. Box 23870
> Jacksonville, FL 32241-3870

52. The bottom front of the Collection Letter further provides:

**NOTICE – SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

53. Thus, the front side of the letter directs the consumer to the reverse side of the letter for important notices and consumer rights.

54. On the reverse side, the Collection Letter provides a fourth address for ERC (the Fourth Address), which states:

> **Our Corporate Information is:**
> Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers
> 8014 Bayberry Road
> Jacksonville, FL 32256

55. The problem with the Collection Letter is that it contains four separate addresses for Defendant.

56. The only physical address of the four addresses is the Fourth Address, while the First Address, the Second Address, and the Third Address are all post office box addresses.

57. Additionally, while the First Address indicates that correspondence should be sent to this address, and the Second Address indicates that correspondence should not be send this address, the second paragraph of the Statement does not make reference to where "correspondence" should be sent.

58. Rather the second and third paragraphs of thee Statement only make reference to the mailing of the "dispute", but does not reference the term "correspondence". Thus, the least sophisticated consumer may believe that a "dispute" is distinct from "correspondence" and not know which of the three addresses on the bottom of the front page should used for mailing "disputes".

59. Defendant could have easily labeled one of these addresses for "disputes"

or "debt validation", but it did not do so. The least sophisticated consumer may not know the difference between a dispute and an address for correspondence

60. Furthermore, both the second and third paragraphs of the Statement indicate that the disputes should be made to an "office" – either "our office below" or " this office". Yet, **all** three of the addresses on the first page of the Collection Letter are P.O. Box addresses and not physical office addresses.

61. The least sophisticated consumer may believe that a P.O. Box is not an office, since it is not a physical office address, and believe that none of the three addresses contained on the front of the letter are the correct addresses to notify Defendant of a dispute.

62. As such, the least sophisticated consumer may conclude that since the Statement requires the communication be sent to an "office", that the dispute letter should be sent to none of the addresses on the front or to the Fourth Address contained on the back of the letter which is a physical address.

63. The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.

64. As a result of the inclusion of multiple addresses, Plaintiff sustained a concrete, actual injury.

65. In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple address in an initial written communication to a consumer.

66. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

67. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

68. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

69. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

70. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

71. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

72. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

73. It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

74. On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## **COUNT I**

## FAIR DEBT COLLECTION PRACTICES ACT
## <u>VIOLATIONS OF 15 U.S.C. §1692</u>

75. Plaintiff repeats the allegations contained in paragraphs 1 through 72 as if the same were set forth at length.

76. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

77. Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B. 15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C. 15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D. 15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         January 5, 2021

                                       Respectfully submitted,

                           By: s/ Lawrence C. Hersh
                              Lawrence C. Hersh, Esq.
                              17 Sylvan Street, Suite 102B
                              Rutherford, NJ  07070
                              (201) 507-6300
                              *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: January 5, 2021                        By: s/ Lawrence C. Hersh
                                                        Lawrence C. Hersh, Esq.

EXHIBIT A

**ERC**

January 06, 2020
**Creditor:** Capital One, N.A.
**Original Creditor:** Capital One, N.A.
**Re: Your Kohl's Credit Card Account:** XXXXXX8020
**Amount of Debt:** $604.83
**Reference Number:** ▮▮▮▮970

**PATRICIA MADLINGER**

Our records indicate that your balance on your Kohl's Credit Card Account remains unpaid; therefore your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $302.42.

Upon receipt and clearance of $302.42, your account will be resolved.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic funds transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

- For self-service options, please visit our website at www.ercbpo.com/help.
- Telephone: (800) 497-3803 Toll Free. All calls are recorded and may be monitored for training purposes.
- Send correspondence to: ERC®, P.O. Box 57610, Jacksonville, FL 32241
- Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00 pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Nothing in this letter overrides, withdraws, or overshadows your right to dispute the debt.

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456




Reference Number
▮▮▮▮8970

January 06, 2020




PATRICIA MADLINGER

132546 - 3059

ERC®
P.O. Box 23870
Jacksonville, FL 32241-3870

## Federal Notice
Pursuant to 15 U.S.C./1692g(a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

The disclosures below are only applicable to the residents of the state/city listed. This is not a comprehensive list of all rights consumers may have.

### Tennessee Residents:
This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

### Minnesota Residents:
This Collection Agency is licensed by the Minnesota Department of Commerce.

### North Carolina Residents:
North Carolina Department of Insurance Permit Number: 103967.

### Colorado Residents:
For information about the Colorado Fair Debt Collection Practices Act, see www.coag.gov/car or any successor web address.

A consumer has the right to request in writing that a Debt Collector or Collection Agency cease further communication with the consumer. A written request to cease communication will not prohibit the Debt Collector or Collection Agency from taking any other action authorized by law to collect the debt. Local Address: 7200 S. Alton Way, Suite B180, Centennial, CO 80112, (303) 309-3839.

## Our Corporate Information
Enhanced Recovery Company, LLC, Doing Business As, ERC® and/or Enhanced Resource Centers
8014 Bayberry Road
Jacksonville, FL 32256

### California Residents:
The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 AM or after 9 PM. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at: 1-877-FTC-HELP or www.ftc.gov.

### Massachusetts Residents:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to the debt collector. If you wish to discuss this matter, please call us direct, between the hours of 8 AM and 5 PM EST, at the telephone number listed on the front of this notice. Local Address: 49 Winter Street, Weymouth, MA 02188.